All right, Mr. Statler, the court appreciates your willingness to accept an appointment under the Criminal Justice Act in this case. You might want to adjust your camera slightly because we're sort of seeing, if you sit up that helps too. Okay, now we can see your whole head and shoulders. So thank you for that. You may proceed with your argument. Thank you, Your Honor. Good afternoon. You may please the court. My name is Paul Statler and I represent the defendant, Mr. Dreshon Frazier. I'd like to reserve four minutes of my time for rebuttal. Okay, but if you want to reserve time, you'll just have to stop when you want to reserve. The clock will keep running if you don't. Yes, Your Honor. Thank you. At sentencing and on appeal is one issue which I'd like to just go straight into, which is the hardest appeal, which is resolving whether intimidation with a dangerous weapon under Iowa Code Section 708.6 sub 2 qualifies as a predicate offense for purposes of the career offender designation in light of Board and v. United States. Now the statute at issue has two distinct offenses and their only point of distinction under the statute is the actor's intent to injure or provoke fear or anger at another. And that particular element is excluded from the statute of Mr. Frazier's conviction. Now this distinction is notable as Board makes clear that when interpreting the force clause within the definition of violent felony, an offense that does not require a mental state of purpose or knowledge cannot count as a violent felony. The Board in court determined that the term against in the elements clause goes to the objective target of the force, not merely the recipient. And so put another way to qualify as a violent felony under Board, a force, attempted force or threatened force must be purposely directed at another person. A person experiencing the force as a result of conduct targeted elsewhere is not enough to qualify as a predicate crime of violence. Now 708.6 sub 2 has no knowledge or purpose requirements behind the act or the threatened act constituting the force. There's no law. Mr. Stadler, Board didn't address the threatened aspect, correct? And this time we've got it. We have, as I understand it, everyone agrees that Mr. Frazier was convicted under the threatened, the called the threatened alternative. Can you address that? Uh, yes, your honor. Thank you. Um, our argument goes that the threatens clause requires the threat of the act under the, I refer to it as the substantive prong itself is, is overbroad. Uh, and if there is no, um, uh, act that is purposely targeted at the person of another, then adding the threat to that, you're merely threatening force targeted against something other than a person of another. Uh, so the threat itself doesn't really somehow, um, add against the person of another, uh, because you think that that is, is, is that a direct result of Borden? Do you think Borden included that ask that aspect of the threatened to use physical force for violent court? Your honor, I, I believe that Borden stands for, uh, more than just, um, an act versus a threat. It goes to what is the conscious object of the force or the threatened force. So to threat force against a building or a boat or a train engine, uh, or an airplane or any of the other, uh, enumerated items in 708.6 of two, that is a threat targeted at something other than the person of another. Uh, there is not a threat to commit an act. Uh, it doesn't necessarily require the threat be against the person under 708.6 of two. It does state add or into an assembly of people, but there is a litany of non-personal targets within the statute. I believe I addressed that answer to your question, your honor. Um, you think that the threatened alternative requires a threat that would place people in Is that not an element of the threatened crime? Well, your honor. So the statute says threatened to commit an act. Such an act, such an act, which refers back to the act. Yes. But I'm wondering whether the act includes placing people in reasonable apprehension of injury or whether it's just the act of discharging the weapon into the car, say. Sure, your honor. And based upon the plain reading of the statute, there is an act thereby placing people in reasonable apprehension. Uh, there is no intent behind the act. The first clause of 708.6 specifically states with the intent to injure or provoke fear or anger. Uh, so the difference in the two, uh, crimes under the statute, it's very clear that there is the intent behind the act in one and no intent behind the act in the other. You mean you're talking about the distinction between sub one and sub two? Yes, your honor. But that wasn't my question. Let me try again. What I'm trying to understand is within subsection two, there's an alternative threatens to commit such an act. And I'm wondering whether the act is the act of discharging a weapon into a vehicle period or is the act discharging a weapon into a vehicle and thereby placing occupants in reasonable apprehension of serious injury. Does the threat encompass that reasonable apprehension of injury or is it just threatening to destroy a car or something? Well, your honor, I believe that, and I'm trying not to be circular here, but I believe that if the threat of the act to then cause the apprehension of the people in the car building, if the threat encompass that and we go back to subsection one where it's with the intent, a person threatens to commit an act. I understand that two is different for one. I guess we're not going to get anywhere on that by point. So go ahead. Maybe it wasn't a good question. Probably not a good answer, your honor. And so because 708.6 sub two, there is no requirement of intentionally training or intentionally threatening to intentionally train force against a person of another does not qualify as a crime of violence. Langston, which was obviously a point of contention at sentencing, does not reach the holding of whether 708.6 sub two requires the force be purposely directed against the person of another. And so that does not control the arguments presented in this appeal. Per our rule 28 J letter, since Langston, the eighth circuit analyzed USB fog and fog, it states, quote, it is an open question in our circuit, whether a statute that criminalizes the discharge of a firearm toward an occupied building or motor vehicle qualifies as a violent felony under the force clause. And so based upon a reading of fog, as well as what fog cites, the case it cites Jordan and Gordon, it is clear that 708.6 sub two does not qualify. There are no immediate questions. I would reserve the remainder of my time for rebuttal. And well, you may do so. Mr. Ripley, we'll hear from you. Thank you, your honor. May it please the court, Will Ripley on behalf of the United States. I think we all know this, but it's important, I think, to keep in mind as kind of background as we think about this is that the Tennessee statute at issue in Borden explicitly criminalized a reckless assault. It was an entirely different subsection under which Mr. Borden was convicted that explicitly listed recklessly does some act, some assault of act. And that was in contradiction to the section right above it, of course, which criminalized intentionally and knowingly doing those various assaultive acts. That's not the situation here with this Iowa statute 708.6. It does not explicitly criminalize any reckless conduct. It's actually the subsection we're in the state of Iowa that essentially makes it a general intent crime. And general intent crimes in Iowa are knowing. The mens rea associated with those are knowingly. And Borden, Justice Kagan and Borden explicitly said that the clause, and of course, Borden was an ACCA clause, but for our the clause covers purposeful and knowing acts. Mr. Ripley, would you say that then under the class D felony, so no one in Iowa has been or could be charged and convicted of recklessly shooting into a, say, a crowd of people or an occupied building? Yes, that is not, I would say that you have to intend. This kind of, I think, goes to Judge Colleton's question. I would answer that yes, so the threat does encompass the reasonable apprehension you were inquiring on. Well, how about the, let's just start with the first part of D. So just the shooting, not the threat of shooting, but the actual shooting a dangerous weapon into a building occupied by another person or within an assembly. So what you're saying is in Iowa, if someone were to have recklessly done that, put aside the threat, actually have done it, but recklessly, that that's not, that can't be charged and you couldn't be convicted of intimidation with a dangerous weapon? Yes, that's our position. Obviously, in reality, somebody could recklessly discharge a firearm. And the result of that would be folks would be However, the result of that would not be that actor who recklessly discharged that firearm. The result would not be that they are charged with a violation of Iowa Code 708.6. Point six, subsection two. Subsection two, correct, Judge. So the only difference between one and two in your view is the first one is intent to injure and the second one is just a, what a knowing, knowingly shooting or knowingly, knowingly doing so? Yes. It's you cannot commit intimidation with a dangerous weapon without simultaneously committing assault. In fact, the Johnson case, you know, Iowa Supreme Court case cited by Mr. Frazier, 534 Northwest second. It was discussed in the briefs on kind of a different issue, but, and it's an older case. So it calls the offense we're talking about terrorism. I think the judges know, but the name of the offense changed in about 15 years ago. Substantively, it didn't change at all. And the Johnson case tells us that terrorism without intent to injure or provoke fear is also a general intent statute. Comparing each of the elements in the terrorism and assault statutes, we concluded it is impossible to shoot, throw, launch, et cetera, et cetera, and place the occupants in reasonable apprehension of serious injury without simultaneously committing an assault. In other words, you cannot commit what's now called intimidation with a dangerous weapon without simultaneously committing an assault. And an assault, as a matter of fact, in Iowa is a specific intent crime. I know explicitly in the code section, it says it's a general intent crime, but the Iowa Supreme Court has repeatedly said that without regard to the legislative action, the assault statute was amended in 2002. Without regard to that, it's a specific intent crime. And so I think ultimately our position is that given the statute that was at issue in Borden, given that that statute explicitly made criminal certain reckless assaultive conduct, and it's under that section that Mr. Borden was convicted. Borden does not impact this statute, either section of it, frankly, but we're talking about section two, because that's what Mr. Frazier was convicted of. It doesn't impact it because intimidation with a dangerous weapon just cannot be committed recklessly. If you look at the jury instructions, and I understand these come from the Bar Association, but I'm assuming that some courts use them anyway. I don't see any, it's just on a certain day, the defendant shot a dangerous weapon into a crowd. So do you have any other, do you have any, have you done any research on actually how state courts are instructing juries on these? There would be, I know the jury instructions that we cited in our supplemental brief, your honor, I think is what you were referring to. There would be a package of jury instructions, some of which would also include instructing the jury on the intent. And there would be an instruction. Have you looked at those? Is that what you've seen when you've looked at jury instructions in these kinds of cases? It is. And when I prosecuted in the state of Iowa, that's my experience as well. So I have a, on the question I had raised earlier regarding the threatened alternative, if we assume this subsection two is divisible and this man was convicted under the threatened alternative, there's still a question whether that requires force against the person of another as opposed to the vehicle or building or something. And I wondered, I don't know if you're familiar with this case called In Re E B, it's from the Iowa Court of Appeals 2018. I don't think it was cited in the briefs, but we came across it and it seems to say that the threatened alternative does not require a showing that the actions place someone in reasonable apprehension of serious injury. And my concern is if that's correct, then the person could be convicted just of threatening a shooting into a car or something without any reference to another person. And would that be overbroad? Do you have any reaction to that? I do, Judge. My reaction is I don't, I don't see a factual scenario in which that would result in someone being charged with intimidation with a dangerous weapon. Intimidation with a dangerous weapon is aimed at people who engage in the violent conduct of a, posturing up with a weapon of some kind, posturing up to a person or group of people. And when I say posturing up, what I mean is they drive by your house and they shoot it up. They drive by your car and they shoot it up. They shoot towards a crowd of people to let everybody know that they're here and they're violent. And I understand your question, and I'm afraid I'm not going to give you a sufficient answer, but my answer is that that scenario that you envisioned, that you hypothesized, I cannot see that resulting in someone being charged with this offense. Well, this EB case, you might want to take a look at it because the person was charged. It was a juvenile delinquency action, but they were proceeding under 7086. And one of the defendant's arguments on appeal was there was insufficient evidence showing that he placed someone in reasonable apprehension of serious injury. And the court said, you don't have to prove that if it's just a threatened prosecution. Can you give me that site again, Judge? I'm sorry. Well, it's 913 Northwest 2nd, 275, but it's unpublished. So that's probably a table citation. Thank you. Okay. Did you have anything else? Your time has expired. Uh, no. Thank you, Judge. All right. Thank you for your argument. Mr. Statler, we'll hear from you in rebuttal. Thank you, Your Honor. I want to address a couple points. First, assault is not a lesser included offense of terrorism under the Threatened Clause. State v. Smith in Iowa, that is a Supreme Court of Iowa case, which specifically says that under the Threatened Clause, assault is not a lesser included offense. So the government is incorrect in that. And the reason is because an assault requires commission of an overt act. Second, the government said that they cannot conceive of a person being charged and convicted under 708.6 sub 2, where the object of the force was not a person. My supplemental materials filed, I believe on December 29th, include the plea colloquy of an individual, Jerry Miller, in Polk County case FECR 344161, I believe on page five, that states, quote, I discharged a dangerous weapon at, into, or in a building occupied by another person, or within an assembly of people, thereby place the occupants or people in reasonable apprehension of injuries. There, the target is at, into, or in a building. Now that also includes or within an assembly of people. However, he was convicted under either or. And again, this goes back to the person of another. So to threaten to commit the act of shooting at a building or a vehicle or car, that is threatening force against property. The person placed in reasonable apprehension is incidental. That could be reckless, or it could be basically just as a matter of fact. In their honest, the United States, when they state that a statute is silent on the mens rea, they basically look into a statute as to what is necessary to separate wrongful conduct from otherwise innocent conduct. Reckless would apply here. I see I'm out of time. So unless there are any other questions, your honors, I would just ask this court reverse and remand sentencing for purposes of sentencing without the career offender enhancement. All right. Thank you for your The case is submitted. The court will file a decision in due course.